FILED
COURT OF APPEALS
DIVISION II

2014 AUG -5  AM 10: 39

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44389-9-II |
| Respondent, | |
| v. | |
| ADRIAN JUAN TOMAS, | UNPUBLISHED OPINION |
| Appellant. | |

HUNT, J. – Adrian Juan Tomas appeals his jury trial conviction for first degree kidnapping,[1] his sentences for his first degree kidnapping and first degree assault convictions, and one of his community custody conditions. He argues that (1) the evidence was insufficient to support the first degree kidnapping conviction as a separate crime because the restraint involved was merely incidental to the assault, (2) the first degree kidnapping and first degree assault constituted same criminal conduct for sentencing purposes, and (3) the trial court exceeded its authority when it imposed a community custody requirement that he undergo a chemical dependency evaluation and treatment. The State concedes that the trial court erred in requiring Tomas to obtain a chemical dependency evaluation and treatment, but it argues that the trial court should impose an alcohol dependency evaluation and treatment condition in its place. We affirm the kidnapping conviction and the sentences, but we remand for the trial court to strike the chemical dependency evaluation and treatment community custody requirement and to consider imposing an alcohol dependency requirement.

---

[1] Tomas does not appeal his assault conviction.

## FACTS

### I. KIDNAPPING AND ASSAULT

On August 4, 2012, while Michael Wiley Lowe was visiting family in Shelton, he and his "brother-in-law," Adrian Juan Tomas, visited several local bars. 1 Verbatim Report of Proceeding (VRP) at 53. After "last call," Lowe left the bar and attempted to get into Tomas's truck because he was tired and wanted to sleep. 1 VRP at 56. Finding the truck's doors locked, Lowe climbed into the back of the truck and went to sleep, believing that Tomas would take him to his (Tomas's) house to spend the night when Tomas returned.

Instead, when Tomas returned to his truck, he drove to a rural "clear cut" area near the local prison. 1 VRP at 81. Lowe was awakened by Tomas's "yelling at [him] and telling [him] to wake up." 1 VRP at 57. Tomas pulled Lowe out of the truck and hit him with a "pipe." 1 VRP at 59. Lowe attempted to run away, but Tomas chased him. Lowe eventually took the pipe from Tomas but returned it when Tomas displayed what appeared to be a gun and threatened to shoot him. Lowe then hid in the bushes. Tomas told Lowe that he could see him and to come out. When Lowe did not comply, Tomas left in the truck.

### II. PROCEDURE

The State charged Tomas with attempted first degree murder with a deadly weapon enhancement, first degree kidnapping, and first degree assault with a deadly weapon enhancement. The case proceeded to a jury trial.

The State's witnesses testified as described above. Lowe further testified that he did not willingly go to the "clear cut" area with Tomas and that he would not have gone there if he had not been asleep in the truck. 1 VRP at 67. The State also presented surveillance tapes from a

Shelton bar showing (1) Lowe and Tomas drinking together, (2) Lowe leaving the bar and climbing into the back of Tomas's truck, and (3) Tomas later approaching the truck and driving away. Tomas did not present any evidence.

The jury found Tomas not guilty of attempted first degree murder. It found him guilty of first degree kidnapping under RCW 9A.40.020(1)(c) (kidnapping with intent to inflict bodily injury) and first degree assault with a deadly weapon enhancement.

At the sentencing hearing, the State advised the trial court that (1) Tomas had no criminal history; (2) the two offenses were not the same criminal conduct for sentencing purposes; and (3) it should impose consecutive sentences for these two "serious violent" offenses[2] under RCW 9.94A.589(1)(b).[3, 4] 2 VRP at 290. The State also asked the trial court to impose "alcohol [community custody] conditions" because there was evidence that Tomas had been drinking when he committed the crimes. 2 VRP at 291.

---

[2] RCW 9.94A.030(45)(a)(v), (vi).

[3] The legislature amended RCW 9.94A.589 in 2014. LAWS OF 2014, ch. 101 § 1. The amendments did not alter the statute in any way relevant to this case; accordingly, we cite the current version of the statute.

[4] RCW 9.94A.589(1)(b) provides, in part:
> Whenever a person is convicted of two or more serious violent offenses arising from separate and distinct criminal conduct, the standard sentence range for the offense with the highest seriousness level under RCW 9.94A.515 shall be determined using the offender's prior convictions and other current convictions that are not serious violent offenses in the offender score and the standard sentence range for other serious violent offenses shall be determined by using an offender score of zero. . . . *All sentences imposed under this subsection (1)(b) shall be served consecutively to each other* and concurrently with sentences imposed under (a) of this subsection.

(Emphasis added).

Tomas argued that the two offenses were the same criminal conduct. Rejecting this argument, the trial court imposed consecutive sentences because the offenses did not occur in "exactly the same location" and the "criminal intent" for each offense was different. 2 VRP at 294. The trial court also ordered "chemical dependency" evaluation and treatment as a community custody condition. Clerk's Papers (CP) at 13. Tomas appeals his kidnapping conviction, his consecutive sentences, and the "chemical dependency" evaluation and treatment community custody condition.

## ANALYSIS

### I. SUFFICIENCY OF EVIDENCE

Tomas first argues that the evidence was insufficient to prove the kidnapping charge because the restraint involved was "'merely incidental'" to the assault. Br. of Appellant at 6 (quoting *State v. Green*, 94 Wn.2d 216, 227, 616 P.2d 628 (1980)). Disagreeing, we hold that the incidental restraint doctrine does not apply under these facts.

In reviewing an insufficient evidence claim, we review the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of the charged crime beyond a reasonable doubt. *State v. Brown*, 162 Wn.2d 422, 428, 173 P.3d 245 (2007). We weigh all reasonable inferences from the evidence in the State's favor and most strongly against the defendant. *Brown*, 162 Wn.2d at 428.

Abduction is an element of first degree kidnapping. RCW 9A.40.020(1). Abduction can take three forms, but each form necessarily involves restraint. RCW 9A.40.010(1); *Green*, 94 Wn.2d at 225. "When the State presents only evidence of conduct that was merely incidental to the commission of another crime, no rational trier of fact could find that the evidence proves

4

beyond a reasonable doubt that the conduct was a restraint." *State v. Berg*, 177 Wn. App. 119, 136, 310 P.3d 866 (citing *Green*, 94 Wn.2d at 229-30), *review granted in part*, 179 Wn.2d 1028 (2014). Whether this "incidental restraint doctrine" applies is a "fact-specific determination." *Berg*, 177 Wn. App. at 130, 136 (citing *State v. Elmore*, 154 Wn. App. 885, 901, 228 P.3d 760, *review denied*, 169 Wn.2d 1018 (2010)).

We have applied this doctrine only when the kidnapping's restraint and the non-kidnapping offense are essentially contemporaneous and the defendant's movement of the victim was either nonexistent or negligible; such is not the case here.[5] Here, the kidnapping restraint clearly exceeded what we have previously recognized as merely incidental to the other offense: Tomas deliberately drove Lowe out of town to a secluded, private area before assaulting him. Unlike the cases involving incidental restraint, the restraint did not occur in a private area merely because that is where the victim was at the time of the assault; nor did Tomas move Lowe only a short distance before assaulting him.[6] Accordingly, we hold that the evidence was sufficient to prove the kidnapping charge because the restraint it involved was not "'merely incidental'"[7] to

---

[5] *See e.g.*, *State v. Korum*, 120 Wn. App. 686, 690-92, 707, 86 P.3d 166 (2004) (restraint incidental to robberies when defendant restrained victims inside their homes to facilitate home invasion robberies), *aff'd in part, rev'd in part*, 157 Wn.2d 614, 141 P.3d 13 (2006); *Berg*, 177 Wn. App. at 123-24, 136-38 (restraint incidental to robbery when defendants restrained robbery victim inside his workshop while defendants took property from his nearby home); *see also Green*, 94 Wn.2d at 224, 226 (defendant moved murder victim 50 to 60 feet to open loading dock that was visible from nearby public areas and apartments).

[6] *See*, in contrast, the facts in the cases cited in preceding footnote 5.

[7] Br. of Appellant at 6 (quoting *Green*, 94 Wn.2d at 227).

No. 44389-9-II

the assault.[8]

## II. SAME CRIMINAL CONDUCT

Tomas next argues that the trial court erred in concluding that the kidnapping and assault were not same criminal conduct. Again, we disagree.

We review a trial court's determination of the same criminal conduct under RCW 9.94A.589(1)(a) for abuse of discretion or misapplication of the law. *State v. Mutch*, 171 Wn.2d 646, 653, 254 P.3d 803 (2011). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). Such is not the case here.

---

[8] We note that other divisions of our court have rejected the incidental restraint doctrine and have refused to consider the alleged incidental nature of the restraint. *See e.g.*, *State v. Phuong*, 174 Wn. App. 494, 536-37, 541-42, 299 P.3d 37 (2013), *petition for review filed*, No. 88889-2 (Wash. May 31, 2013). Nevertheless, we have expressly adhered to this doctrine in *Berg*, 177 Wn. App. at 130-31.

We note, however, that on May 27, 2014, our Supreme Court heard argument in *Berg* on the following issue:

Whether in a prosecution for first degree robbery and first degree kidnapping, the evidence of kidnapping is insufficient if it shows that the restraint of the victim was only "incidental" to the commission of the robbery.

*Supreme Court Issues: May Term 2014*, WASH. COURTS, http://www.courts.wa.gov/appellate_trial_courts/supreme/issues/?fa=atc_supreme_issues.display &fileID=2014May (last visited July 15, 2014) (No. 89570-8, *State* (petitioner) *v. Berg & Reed* (respondents)).

Regardless of whether the Supreme Court approves or rejects *Berg's* incidental restraint doctrine, Tomas's challenge to the restraint component of his kidnapping conviction would still fail. If the Supreme Court affirms our incidental restraint rationale in *Berg*, as we explain above, the facts underlying his kidnapping and assault convictions do not fall within the doctrine. And if the Supreme Court in *Berg* rejects the incidental restraint doctrine, then Tomas can no longer use this doctrine to challenge the sufficiency of evidence supporting his kidnapping conviction.

6

"[I]n sentencing serious violent offenses, the crimes will be sentenced consecutively to each other if they arise from 'separate and distinct criminal conduct.' That standard is defined to be the same as the 'same criminal conduct' standard of RCW 9.94A.589(1)(a)." *State v. Kloepper*, 179 Wn. App. 343, 356, 317 P.3d 1088 (footnote omitted) (citing *State v. Brown*, 100 Wn. App. 104, 112-15, 995 P.2d 1278 (2000), *aff'd in part and rev'd in part*, 147 Wn.2d 330, 58 P.3d 889 (2002)), *review denied*, 327 P.3d 55 (2014). RCW 9.94A.589(1)(a) defines "same criminal conduct" as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." If any one of these elements is not met, the offenses are not same criminal conduct. *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997). We narrowly construe the same criminal conduct analysis to disallow most assertions of same criminal conduct. *State v. Wilson*, 136 Wn. App. 596, 613, 150 P.3d 144 (2007).

A person is guilty of first degree kidnapping when he intentionally abducts a person with intent to inflict bodily injury. RCW 9A.40.020(1)(c). Tomas completed first degree kidnapping when he took Lowe into the woods with intent to assault him, regardless of whether Tomas ever followed through with his intent to assault Lowe; thus, the kidnapping and the assault did not occur at the same time. *See State v. Larry*, 108 Wn. App. 894, 916, 34 P.3d 241 (2001) (kidnapping and robbery of same victim are not same criminal conduct when kidnapping "occurred over a period of time and in several locations, whereas the robbery occurred at a single time and place, not the same as that involved in the kidnapping"), *review denied*, 146 Wn.2d 1022 (2002). Accordingly, we hold that the trial court did not abuse its discretion in finding that the two offenses were not the same criminal conduct under RCW 9.94A.589(1)(a).

### III. COMMUNITY CUSTODY CONDITION

Finally, Tomas argues that the "chemical dependency" evaluation and treatment community custody condition was improper because the trial court failed to make a chemical dependency finding as required under RCW 9.94A.607(1).[9] Br. of Appellant at 11. The State concedes that the trial court erred in imposing this "chemical dependency" requirement and asks us to remand to the trial court to strike this condition and to impose instead an alcohol treatment requirement. Br. of Resp't at 22. Although the record shows that alcohol use may have contributed to Tomas's offenses, it does not show that Tomas had any chemical dependency other than alcohol.

Accordingly, we accept the State's concession and remand for the trial court to strike the chemical dependency evaluation and treatment requirement. Because the record would support a finding that alcohol contributed to Tomas's offenses, the trial court may consider imposing an alcohol evaluation and treatment requirement on remand, if supported by the

---

[9] RCW 9.94A.607(1) provides:

> Where the court finds that the offender has a chemical dependency that has contributed to his or her offense, the court may, as a condition of the sentence and subject to available resources, order the offender to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which the offender has been convicted and reasonably necessary or beneficial to the offender and the community in rehabilitating the offender.

No. 44389-9-II

necessary findings. We otherwise affirm Tomas's sentences and his kidnapping conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Hunt, P.J.

We concur:

Maxa, J.

Lee, J.

9